The Honorable Clyde D. Graeber State Representative, Forty-First District 2400 Kingman Leavenworth, Kansas 66048
Dear Representative Graeber:
You request our opinion regarding the appropriate interpretation to be given certain provisions of the liquor control act. Specifically you inquire whether a licensed liquor distributor could own up to 100% of a manufacturer not located in Kansas provided the products of that manufacturer are not offered for distribution and sale within Kansas.
K.S.A. 41-704 provides:
 "No manufacturer of alcoholic liquors holding a manufacturer's license under this act and no manufacturer of alcoholic liquors outside of this state manufacturing alcoholic liquors for distribution and sale within this state shall, directly or indirectly, as owner or part owner, or through a subsidiary or affiliate, or by any officer, director or employee thereof, or by stock ownership, interlocking directors, trusteeship, loan, mortgage or lien on any person or real property, as guarantor, endorser or surety, be interested in the ownership, conduct, operation or management of any alcoholic liquor distributor holding an alcoholic liquor distributor's license under this act nor any manufacturer of alcoholic liquors outside of this state manufacturing alcoholic liquors for distribution and sale within this state, be interested directed or indirectly, as lessor or lessee, as owner or part owners, or through a subsidiary or affiliate, or by an officer, director or employee thereof, or by stock ownership, interlocking directors or trusteeship in the premises upon which the place of business of an alcoholic liquor distributor holding an alcoholic liquor distributor's license under this act is located, established, conducted or operated in whole or in part."
The primary rule of statutory construction is that the purpose and intent of the legislature be given effect when that intent can be ascertained. State ex rel, Stephan v. Kansas Racing Comm'n, 246 Kan. 708,719 (1990). This intent can be determined by examining the purpose to be accomplished, necessity and effect of the statute, and the effect the statute may have under the various constructions suggested. Id. In construing a statute legislative intent must also be determined from general consideration of the entire act. Id.
K.S.A. 41-704 has remained unamended since enacted in 1949.
The Kansas Supreme Court has interpreted its provisions in Cray v.Kennedy, 230 Kan. 663 (1982). The court stated:
 "It should be noted that K.S.A. 41-704 constitutes a prohibition against manufacturers having an interest in the business of a distributor as distinguished from a distributor having an interest in a business of a manufacturer." 230 Kan. at 670.
In Cray the court was asked to resolve questions of distributor ownership in a manufacturer where the distributor would offer for sale the manufacturer's products in Kansas. Under those facts the court determined that there was no prohibition of a liquor distributor having an interest was within the limitations of then K.S.A. 41-311(3), now, K.S.A. 41-311(c)(1). Under the facts you present we believe that where the distributor acquires an out-of-state manufacturer that would not offer for distribution or sale in Kansas those manufacturer's products there would be no limitation on the percentage of ownership because (1) the state neither licenses nor regulates that manufacturer, and (2) there is no such prohibition pursuant to K.S.A. 41-311(d) relating to the qualifications for licensure for a distributor.
Based on the above-cited authorities we conclude that a licensed Kansas distributor could own up to 100% of a manufacturer not located in Kansas provided the alcoholic liquors of that manufacturer are not offered for distribution and sale within Kansas.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm